UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CR 335 RWS |
| | ) | |
| DINERO RUFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Dinero Ruffin has filed a motion for a sentence reduction pursuant to United States Sentencing Guidelines Amendment 821. Ruffin is incarcerated at the Federal Bureau of Prisons facility in USP Atwater in Atwater, CA. Although Ruffin is eligible for a sentence reduction, his sentence will not be reduced because of the seriousness of his offense, the leniency of his negotiated plea agreement, and his conduct while incarcerated. As a result, I will deny his motion.

On April 26, 2023, Ruffin pled guilty to four counts of Interference with Commerce by Threats or Violence (Counts 1, 2, 5 & 7), 18 U.S.C. § 1951(a), and one count of Discharge of a Firearm in Furtherance of a Crime of Violence (Count 8), 18 U.S.C. § 924(c)(1)(A)(iii). At sentencing, I determined that Ruffin had 5 criminal history points, including 2 "status points" for committing the instant offense while under a criminal justice sentence. Combined with a criminal history category

of III, this produced a guideline range of 78 to 97 months on Counts 1, 2, 5, and 7), plus a consecutive term of 120 months on Count 8. I sentenced Ruffin to concurrent sentences of 60 months on Counts 1, 3, 5, and 7 and a consecutive 120 months on Count 8, for an aggregate sentence of 180 months.

Ruffin's present motion seeks a reduced sentence under Amendment 821 of the U.S.S.G. A court may modify a previously imposed term of imprisonment if the defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2). A defendant bears the burden of proving he is eligible for a downward adjustment under the Sentencing Guidelines. *United States v. Beridon*, 43 F.4th 882, 885 (8th Cir. 2022). Any such reduction must be both "consistent with applicable policy statements issued by the Sentencing Commission" and appropriate in light of the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2).

In Amendment 821, the Commission amended two sections of the Guidelines and specified that these amendments should be applied retroactively. U.S.S.G. § 1B1.10(a)(2), (d). The first change limits the impact of § 4A1.1 "status points," which are criminal-history points added when the defendant committed his offense while under another criminal sentence. U.S.S.G. § 1B1.10 cmt. 7.

Amendment 821 also amended § 4C.1.1 by "provid[ing] a decrease of two levels from the [otherwise applicable total] offense level" for defendants with zero

2

criminal history points who meet other criteria. U.S.S.G. § 1B1.10 cmt. 7.

Ruffin has moved for a reduced sentence based on the change of his "status points" under the Amendment. Ruffin received 2 additional status points in his criminal history calculation pursuant to § 4A1.1(d) for committing the instant offense while under another criminal justice sentence. Under the terms of Amendment 821, § 4A1.1(d) has been amended and now only imposes an additional 1 point when the defendant has 7 or more criminal history points and committed the instant offense while under any criminal justice sentence. § 4A1.1(e).

Applying the Amendment, Ruffin has 3 criminal history points, which reduces his criminal history category from III to a II. Ruffin's total offence level is 26 and his criminal history category would now be a II, which results in a guidelines sentence range of 70 to 87 months on Counts 1, 3, 5, and 7. Ruffin requests that the Court impose an amended sentence of 54 months on Counts 1, 3, 5, and 7 for a total sentence of 174 months.

The United States Attorney opposes the motion. The United States Attorney asserts that a reduced sentence is not warranted under the § 3552(a) sentencing factors due to the egregious nature of the original conduct, the leniency of the plea agreement, and Ruffin's conduct while incarcerated.

The United States Attorney argues that an upward departure was possible in this case because of Ruffin's use of a firearm in his string of robberies. During each

3

of the four robberies Ruffin committed, he brandished a firearm to victims, and on one occasion, he fired multiple rounds at a victim as they attempted to flee.

The United States Attorney further argues that Ruffin benefited from a lenient plea agreement.  Under the plea agreement, the United States dismissed three § 924(c) counts, which would have added 252 months to the sentence imposed for Counts 1, 3, 5, and 7.

Finally, the United States Attorney notes that while Ruffin has been incarcerated, he has possessed a dangerous weapon on two occasions, been absent from assignment on three occasions, destroyed property over $100, possessed an unauthorized item, refused to obey an order, and possessed a non-hazardous tool.

I find that the circumstances of Ruffin's offense, his bargained for plea agreement, and his conduct while incarcerated weigh in favor of denying Ruffin's motion for a reduction of sentence.  As a result, I will deny Ruffin's motion for a sentence reduction based on Amendment 821.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Dinero Ruffin's motions for a sentence reduction pursuant to Amendment 821 [79, 85] are **DENIED**.


_____
RODNEY W. SIPPEL
UNITED STATE DISTRICT JUDGE

Dated this 16th day of January 2025.

4